**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Hamm's Frontier Marine LLC | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Stagg Marine, Inc. and Barges (with official numbers) EXCAVATOR (1053504), IN126484 (1238595), IN176000 (1275685), IN065500 (1186913), IN075117 (1200844), IN085230 (1210530), IN978504 (1059571), ING1916 (D1040848), ING1953 (D1040885), ING2006 (D1034696), ING2015 (D1034705), ING2020 (D1034710), ING2047 (D1034741), ING2059 (D1038909), ING2081 (D1038933), ING2110 (1040942), OR2152 (D1088469), ING2156 (D1053447), ING2273 (D1063798), OR2215 (D1064110), ING2232 (D1053481), ING2253 (D1053504), ING2309 (D1063733), ING4830 (1025497), MF1852 (D288068 / A6101084), OR2153 (D1088470) OR2244 (D1064144), T13645 (D1043175), T13873 (D1040472), T13896 (D1057100), and T13900 (1057104), | ) |
| | ) |
| Defendants. | ) |

**<u>COMPLAINT *IN PERSONAM* & *IN REM*</u>**

COMES NOW Plaintiff Hamm's Frontier Marine, LLC ("Frontier Marine") and files this Complaint as an admiralty and maritime claim within the meaning of Federal Rule 9(h) *in personam* against Stagg Marine, Inc. ("Stagg Marine") and *in rem* against EXCAVATOR (1053504), IN126484 (1238595), IN176000 (1275685), IN065500 (1186913), IN075117 (1200844), IN085230 (1210530), IN978504 (1059571), ING1916 (D1040848), ING1953

(D1040885), ING2006 (D1034696), ING2015 (D1034705), ING2020 (D1034710), ING2047 (D1034741), ING2059 (D1038909), ING2081 (D1038933), ING2110 (1040942), OR2152 (D1088469), ING2156 (D1053447), ING2273 (D1063798), OR2215 (D1064110), ING2232 (D1053481), ING2253 (D1053504), ING2309 (D1063733), ING4830 (1025497), MF1852 (D288068 / A6101084), OR2153 (D1088470), OR2244 (D1064144), T13645 (D1043175), T13873 (D1040472), T13896 (D1057100), and T13900 (1057104), and each of their tackle, appurtenances, etc. (hereinafter "the Barges"). As grounds therefore, Frontier Marine states:

**Summary of Action**

1. Frontier Marine is an Illinois limited liability company in good standing with its headquarters in Rome, Illinois, operating inland river towboats on the navigable waters of the United States, including within the jurisdiction of this Court.
2. Stagg Marine is a Louisiana Corporation with its principal office in Lafayette, Louisiana.
3. The Barges are inland river vessels used to transport cargo on the navigable waters of the United States, including within the jurisdiction of this Court.
4. The Barges, individually or collectively, are now or will be during the pendency of this suit within the jurisdiction of this Court.
5. On or about February 7, 2023, Frontier Marine entered into a Towing Service Agreement (hereinafter "the Agreement") with Stagg Marine to "WORK WITH BARGES AT 71 MM QUARRY AS DIRECTED. SHIFT LOADS AND EMPTIES" and "TRANSPORT LOADS & EMPTIES TO AND FROM WATERFRONT CAPE FLEET 51MM" of the Upper

Mississippi River, all within the jurisdiction of this Court. A copy of the Agreement is attached hereto as Exhibit A.

6. This Court has jurisdiction of this matter as Frontier Marine seeks to enforce maritime liens pursuant to Federal Statute 46 U.S.C. §31341 et seq., and because it involves the breach of a maritime contract.

7. Venue is proper in this District because the events giving rise to this action arose within this District, and the Barges are or will be during the pendency of this proceeding within the jurisdiction of this Court.

8. Stagg Marine was the owner *pro hac vice*; or was entrusted with the management of the vessel at the port of supply; or was an officer or agent appointed by the owner, a charterer, or an owner *pro hac vice*.

9. Stagg Marine was in lawful possession of the Barges or was acting at the direction of an entity in lawful possession of the Barges.

10. At the direction of Stagg Marine, Frontier Marine shifted the Barges on the Mississippi River from, in, around, and to locations between Mile 51 and Mile 71 on the Upper Mississippi River.

11. The reasonable value of services Frontier Marine provided to the Barges at the direction of Stagg Marine is $246,000.00.

12. Frontier Marine invoiced Stagg Marine $246,000.00 for services provided to the Barges as reflected in the invoices attached hereto as Exhibit B, but Stagg Marine has to date failed to pay the amount due.

13. Frontier Marine filed individual liens against the Barges as reflected in the liens attached hereto as Exhibit C.

**COUNT I- *IN PERSONAM***

14. Frontier Marine incorporates by reference herein the allegations in paragraphs 1-13 above.
15. Frontier Marine performed its obligations under the Agreement.
16. Stagg Marine has failed to pay Frontier Marine as required by the Agreement.
17. Frontier Marine is entitled to payment from Stagg Marine at the agreed price of $6,000 per day for a total of $246,000 as reflected on invoices attached hereto as Exhibit B.
18. Frontier Marine has demanded payment from Stagg Marine, but Stagg Marine has failed to pay the amount due under the Agreement.
19. Stagg Marine's failure to pay the amount due is a breach of the Agreement.
20. Frontier Marine is entitled to judgment against Stagg Marine for $246,000 plus interest, costs, and attorney's fees.

WHEREFORE, Frontier Marine requests an Order from this Court granting judgment against Stagg Marine in the amount of $246,000, plus pre- and post-judgment interest, costs, attorney's fees, and all other relief to which Frontier Marine is entitled.

**COUNT II – *IN REM***

21. Frontier Marine incorporates by reference herein the allegations in paragraphs 1-20 above.
22. Frontier Marine shifted and otherwise provided services to each of the Barges on the Mississippi River.

23. The approximate value of the services provided to each of the Barges is, in the aggregate, valued at $246,000. Frontier Marine stands ready to prove at trial the value of necessaries provided to each of the Barges individually.
24. The services provided to the Barges by Frontier Marine constitutes necessaries within the meaning of 46 U.S.C. §31342.
25. Frontier Marine has a maritime lien on the Barges pursuant to 46 U.S.C. §31342(a)(1).
26. Frontier Marine is entitled to enforce its liens in admiralty by way of this *in rem* action against the Barges, which includes:
    a. Having this Court issue arrest warrants pursuant to Supplemental Rule C for Admiralty or Maritime Claims directing the U.S. Marshal to seize each of the Barges; and
    b. Having the Barges condemned and sold to satisfy the liens asserted herein pursuant to Supplemental Rule E for Admiralty or Maritime Claims.

WHEREFORE, Frontier Marine requests an Order from this Court:

a. Issuing warrants for the arrest of each of the Barges, directing the U.S. Marshal to seize each of them;
b. Recognizing and enforcing Frontier Marine's lien against each of the Barges;
c. Selling the Barges and satisfying from the sale proceeds Frontier Marine's lien against each of the Barges, plus pre- and post-judgment interest, costs, attorney's fees; and
d. Awarding Frontier Marine all other relief to which it is entitled.

Mondl Law Firm LLC
*/s/ James K. Mondl_*

James K. Mondl #3883
1131 Hwy AA
Farmington, MO 63640
T 314-282-2999 | F 314-231-1481
jim@mondl.law

***Counsel for Hamm's Frontier Marine, LLC***