IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HAMM'S FRONTIER MARINE LLC,           ) | |
|                                                                   ) | |
|             Plaintiff,                                   ) | |
|                                                                   ) | |
| vs.                                                          ) | Case No. 1:25-cv-00021-SNLJ |
|                                                                   ) | |
| STAGG MARINE, INC.,                             ) | |
|                                                                   ) | |
|             Defendants.                              ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on an Order to Show Cause. On September 8, 2025, the Court ordered plaintiff to show cause in writing within 14 days why this action should not be dismissed without prejudice for lack of service on defendant Stagg Marine, Inc. and for failure to prosecute. Plaintiff filed this case on January 28, 2025 (Doc. 1), but after seven months, it had neither served defendant Stagg Marine, Inc., nor taken any action in this Court to advance its claim.

Plaintiff responded to the Order to Show Cause but did not explain why it failed to serve defendant Stagg Marine, Inc. [Doc. 4]. In its response, plaintiff stated that it had not served summons on the barges named in the Complaint due to ongoing settlement discussions in a separate lawsuit. However, there is no mention of defendant Stagg Marine, Inc. being involved in the other lawsuit or settlement discussions.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A court may dismiss an action under Federal Rule of Civil Procedure 41(b) "for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008); *see also Widtfeldt v. Daugherty*, 587 F. App'x 992 (8th Cir. 2014) (per curiam) (affirming dismissal for failure to prosecute based on lack of service on defendants within 120 days). Further, federal district courts have the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Considering the amount of time that has passed since this case was filed, and the absence of good cause for the failure to serve, the Court finds that dismissal is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice**. A separate order of dismissal will be entered.

**SO ORDERED** this 10th day of October, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE